Sikora, J.
RULING
Upon consideration of all motion and opposition materials and of oral argument presented at the hearing of August 6, 2003, the court hereby DENIES the defendant 495 Harrison LLC’s emergency motion to allow sale proceeds to be escrowed in substitution of lien.
*814 REASONING
1. The papers leave it undisputed that an arbitrator has found that GVL owes plaintiff Village Forge $224,744.90 plus interest from October 1, 2002, at the daily rate of $78.63; and that the plaintiff Village Forge will be entitled to additional attorneys fees generated since the arbitration on an ongoing basis.
2. Also, it is undisputed that Village Forge, as the supplier of the steel framework for the condominium project at 495 Harrison Avenue, presently holds a statutory mechanic’s lien against the property for the amounts in question under G.L.c. 254, §§1-4. Chapter 254, §14, authorizes as substitution for the security of the mechanic’s lien upon the construction property itself a security bond from a surety company in an adequate amount. Here, 495 Harrison LLC reports that such a bond is prohibitively expensive for it at this stage of the marketing and sale of building units. It asks the court to exercise its discretion so as to order Village Forge, Inc. to accept an escrow fund substitute tailored to the circumstances.
3. Village Forge, Inc. resists upon the grounds that the escrow fund substitute deprives it of the quality and degree of security contained in the mechanic’s lien because (i) intervening creditors of the condominium owner 495 Harrison Avenue LLC could acquire a priority against Village Forge, Inc.; and because (ii) the escrow fund interest income might not keep pace with any accruing entitlements of ongoing interest and attorneys fees into the future.
4.1 find Village Forge, Inc.’s position meritorious (a) because no law, statutory or decisional, supports the authority of a court to coerce the holder of a mechanic’s lien to surrender it for an unwanted alternative form of security; (b) because Village Forge, Inc., has achieved the result of an arbitral decision in favor of its entitlement; and (c) because the alternative device of an escrow fund does appear to be less reliable than the statutory assurance presently afforded to Village Forge, Inc. In short, the law sources and the practical equities favor the denial of the motion. The proposal may have benefits as an inventive business and voluntary business arrangement, but it does not have the character of an enforceable legal entitlement of 495 Harrison LLC.